WILLIAM KELLEY v. THE MAYOR, ALDERMEN AND COMMON ALTY OF THE CITY OF NEW YORK.

The corporation of New York is not liable for injuries sustained by an individual from blasting rocks in a public street, where the work is conducted under a contract with the Common Council, whether the damage be done by the contractor or by persons in his employ.

Whether, prior to the year 1853—when the law was passed requiring all work, of which the cost should exceed $250, to be performed by contract awarded to the lowest bidder—the corporation would be liable for employing an incompetent person to do the work by contract? Quere.

If so liable at all, evidence that the contractor was notoriously incompetent, would not be sufficient to establish such liability, without proof of knowledge on the part of the defendants of such incompetency, or evidence of negligence in making the contract.

THIS was an action for negligence, and was prosecuted against the corporation of the city of New York. The trial took place before DALY, J., and a jury, and the case came up to the general term upon the plaintiff's appeal. The questions determined arose upon the rejection of testimony offered by the plaintiff, and upon the decision of the judge at the

trial dismissing the complaint, under the circumstances stated in the opinion.

*John Anderson, Junior,* and *Lorenzo B. Shepard,* for the plaintiff, cited *Blake* v. *Ferris,* 1 Selden, 48 ; *Kelley* v. *The Mayor, &c.* 1 Kernan, 432 ; *Pack* v. *The Mayor, &c.* 4 Selden, 222 ; *Ellis* v. *Sheffield Gas Co.* 22 Eng. L. & Eq. 198 ; *City of Buffalo* v. *Halloway,* 3 Selden, 496 ; *Stevens* v. *Armstrong,* 2 Selden, 435 ; *Peachey* v. *Rowland,* 16 Eng. L. & Eq. 442 ; *Overton* v. *Freeman,* 8 id. 479 ; *Knight* v. *Fox,* 1 id. 479 ; *Rapson* v. *Cubitt,* 9 Mees. & Welsb. 709 ; *Quarman* v. *Burnett,* 6 id. 497 ; *Mulligan* v. *Wedge,* 12 Adolph. & Ellis, 737 ; *Allen* v. *Hayward,* 7 Queen's Bench, 960 ; *Langher* v. *Pointer,* 5 Barn. & Cresw. 547 ; *Mathews* v. *West London Waterworks Co.* 4 Camp. 403 ; *Bush* v. *Steinman,* 1 Bos. & Pull. 404 ; *Yates* v. *Brown,* 8 Pickering, 23 ; *Stone* v. *Codman,* 15 id. 297 ; *Wiswall* v. *Brinson,* 10 Iredell, 554 ; *Lowell* v. *Boston & Lowell R. R. Co.* 23 Pickering, 24 ; *The Mayor of New York* v. *Baily,* 2 Denio, 433 ; *Elder* v. *Bemis,* 2 Metcalf, 599 ; *Sproul* v. *Hemmingway,* 14 Pickering, 1 ; *Martin* v. *Temperly,* 4 Queen's Bench, 297 ; Charter of 1849, § 23 ; Ordinance, May 30, 1849.

*Abraham R. Lawrence, Junior,* and *Robert J. Dillon,* (counsel to the corporation,) for the defendants, cited *Blake* v. *Ferris,* 1 Selden, 48, and cases there cited ; *Pack* v. *Mayor, &c., of N. Y.,* 4 Selden, 222 ; *Kelley* v. *Mayor, &c., of N. Y.,* 1 Kernan, 432 ; *Gourdier* v. *Cormack,* 2 E. D. Smith, 254 ; Amended Charter of 1849, § 23 ; Ordinance Organizing Departments, passed May 30, 1849 ; *Jacobs* v. *Duke,* 1 E. D. Smith, 271.

BY THE COURT. INGRAHAM, FIRST J.—This action was brought by the plaintiff to recover for an injury to his horses in a public street, by the negligent blasting of rocks, in excavating one of the streets of the city. The answer set up

that the work was done under a contract made with the defendants, by one John Quin, and a denial of any liability for his acts.

Upon the trial of the case the plaintiff offered to prove, in addition to the mode in which the injury was occasioned, the facts connected therewith, that Quin was engaged in doing the work under a contract, and that he so negligently, carelessly and unskillfully conducted the work, that the injury was occasioned thereby; and also, that Quin was notoriously incompetent and incapable to perform the work. The court excluded the evidence, and the plaintiff's counsel excepted, and thereupon the complaint was dismissed.

The case of *Blake* v. *Ferris*, 1 Seld. 48, and the cases following that decision on the same point, with the case of *Pack* v. *The Mayor, &c., of New York*, which was twice before the Court of Appeals, 4 Seld. 222, have established the law of this state to be, that a city corporation is not liable for injuries occasioned by the negligence of the persons employed by a contractor, in doing the work under a contract between him and the city government, but that the party injured must seek his redress against the contractor or the party doing the injury. (And see *Gourdier* v. *Cormack*, 2 E. D. Smith, 254.)

It is sought to distinguish this case from that of the cases above referred to, by showing that the contractor himself caused the injury, and that he was an incompetent person to be employed for that purpose.

Without referring to the defect in the complaint, in not claiming to recover on that ground, but solely on the negligence of the defendants, their agents and servants, and under which damages for employing an incompetent person as contractor cannot with propriety be recovered, I proceed to the examination of the question upon its merits.

The portion of this offer which relates to the mode of injury and the extent of it, if it had been unconnected with the latter part of the offer, ought not to have been excluded. It was a part of the transaction by which the injury was occasioned, and until it was all in proof, it could not be de-

cided whether the defendants were in fault or not; but when it was connected with the facts, that the work was done under a contract, produced on the trial and referred to in the bill of exceptions, and that the contractor was an incompetent person, if the latter part was improper testimony, then the whole offer was properly rejected.

The cases above referred to, and also the decision in this case heretofore, by the Court of Appeals, 1 Kernan, 222, all are founded on the inapplicability of the rule " *Quid facit per alium facil per se*," to the case of negligence by workmen, where the work is doing under a contract. I am unable to assent to the doctrine by which it is sought to take this case out of the rule established by those decisions. The relation of master and servant, or principal and agent, no more exists between the corporation and the contractor than between the corporation and the employees of the contractor. If the contractor is their agent or servant in doing the work, he is equally so in employing others to do it for them. And such has been the constant course of adjudication in the courts of this city, on questions of this kind, until the decision of *Blake* v. *Ferris*, above referred to.

It must be apparent, from the opinion of Mr. Justice MULLETT in that case, that he intended to apply the rule as well to the acts of the contractor as to those of persons employed by him. In referring to the case of *Quarman* v. *Brunell*, 6 M. & W. 497, he approves of the doctrine that a contract to do a piece of work " does not constitute the contractor the agent or servant of the employee, nor authorize him to pledge the responsibility of the employee for any thing to be done in the execution of the contract." So, also, in *Pack* v. *The Mayor, &c., of New York*, Mr. Justice JEWETT says, the contract does not constitute the contractor the agent or servant of the defendants, the employees.

The intent to apply these decisions to all cases of contract, where the contractor has the sole control of the work, and where the person for whose benefit the work is to be done cannot control the doing of it, appears to be so clear, that it

would be idle, in this court, any longer to hesitate in following these decisions to that extent, whatever may have been our previous views upon the policy or justice of such a rule.

It was urged that the defendants were liable for employing an incompetent or unskillful person to do the work; and, therefore, the evidence should have been received.

If they could be held liable for such a cause, the offer was not broad enough in offering merely the fact of the contractor being notoriously incompetent, without showing that the defendants had knowledge of such incompetency at the time of employment, or such facts as would show them guilty of negligence in making such contract.

The corporation are not to be presumed to know more than other bodies corporate or individuals; and if they are sought to be held liable for employing improper persons to do the work of the public, it can only be after knowledge of such incompetency is shown.

I am not prepared to say that the defendants might not, at the time when this injury was sustained, have been liable for the employment of incompetent persons to do the public work.

The provision requiring all work, of which the cost shall exceed $250, to be done by contract, was not accepted until 1853; and until that period they were not compelled to give such contracts to the lowest bidder, excepting so far as their own ordinances may have regulated the same; but whether they might have been held liable or not, it is sufficient for this case to say, that the complaint does not warrant it, and that the offer of evidence was not sufficient to establish such liability. The plaintiff was not entitled to recover, even if he had proved all the matters contained in his offer of evidence; and the complaint was, therefore, properly dismissed.

Judgment affirmed.